■ In the Matter of the Estate of NANCY PARRINELLO, Deceased. JOSEPH PARRINELLO, Respondent; MARY P. VERRILLO, Appellant. [624 NYS2d 315] —Order unanimously affirmed without costs. Memorandum: Respondent's notice of appeal from a "judgment and order" entered February 14, 1994 purports to bring up for review two earlier orders, dated November 6, 1991 and August 17, 1993. The "judgment and

order" is not in fact a final judgment because Surrogate's Court ordered "that all terms, conditions, manner and distribution of all proceeds of the sale will be determined by further Order of the Court", and we treat it as an order *(see, Burke v Crosson,* 85 NY2d 10). It does not bring up those earlier orders for review *(see,* CPLR 5501 [a] [1]; *cf., Crystal v Manes,* 130 AD2d 979). The arguments that the court lacked personal jurisdiction over respondent and that the court erred in striking her affirmative defenses concern the two earlier orders and thus are not properly before us.

Respondent also argues that the court lacked subject matter jurisdiction over this proceeding seeking to enforce a stipulation between two living persons. Because lack of subject matter jurisdiction is nonwaivable and may be raised at any stage of an action or proceeding (Siegel, NY Prac § 8, at 10 [2d ed]), we consider that argument despite the failure of respondent to appeal from the order denying her motion to dismiss for lack of subject matter jurisdiction.

When the mother of the parties died in 1981, leaving her entire estate to respondent, petitioner filed objections to the will. He subsequently withdrew those objections based upon a stipulation between the parties, entered into by their attorneys in open court *(see,* CPLR 2104). Pursuant to the stipulation, ownership of decedent's residence would vest in respondent for a period of five years or until completion of her son's education, at which time the residence would be sold and petitioner would receive one third of the proceeds minus one third of the cost of any structural repairs. Petitioner commenced this proceeding almost 10 years later seeking specific performance of the stipulation, which respondent contends is invalid. We conclude that Surrogate's Court had subject matter jurisdiction over this proceeding *(see, Matter of Rosenhain,* 151 AD2d 835, *lv dismissed* 82 NY2d 820; *see also, Matter of Piccione,* 57 NY2d 278, 290, *rearg denied* 58 NY2d 824; *Lincoln First Bank v Sanford,* 173 AD2d 65, 67-68). The court probated the will based upon the stipulation, and "[t]hus, it can hardly be said that this controversy 'in no way affects the affairs of the decedent or the administration of the estate' " *(Matter of Piccione, supra,* at 290).

We further conclude that the court properly granted petitioner's motion for summary judgment seeking specific performance of the stipulation. To the extent that respondent's arguments in opposition to the motion concern the affirmative defenses that were stricken by the court in an earlier order,

those arguments are not properly before us. Respondent also argues that there are questions of fact precluding summary judgment. That argument concerns the distribution of the proceeds of the sale, however, and the "judgment and order" on appeal provides that distribution of all proceeds will be determined by further order of the court. Thus, any argument with respect to distribution is premature. (Appeal from Order of Monroe County Surrogate's Court, Ciaccio, S.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.