**23** WILLIAM C. HOFFMAN, Appellant, v ROSEMARIE L. HOFFMAN, Respondent. [818 NYS2d 877]—

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered August 10, 2004 in a divorce action. The order, among other things, distributed the marital assets and awarded child support, maintenance and counsel fees.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In appealing from an order entered August 10, 2004, plaintiff seeks review of an earlier order, entered October 16, 2003, from which no appeal was taken. The 2004 order is not a final judgment (*see Burke v Crosson*, 85 NY2d 10, 15-16 [1995]), however, and thus does not bring up the earlier order for review (*see* CPLR 5501 [a] [1]; *Matter of Parrinello*, 213 AD2d 1006 [1995]; *cf. Crystal v Manes*, 130 AD2d 979 [1987]).

With respect to the August 2004 order that is properly before us on this appeal, we agree with plaintiff that the Matrimonial Referee failed to set forth an adequate basis for the distribution of marital assets (*see Hartnett v Hartnett*, 281 AD2d 900 [2001]; *Haas v Haas*, 265 AD2d 887, 888 [1999]). While the Matrimonial Referee's decision listed certain assets and divided them equally, we are unable to determine the Matrimonial Referee's disposition of many other assets. The record contains information, the reliability of which is questionable, indicating that plaintiff has savings and investment accounts, and his financial compilations demonstrate that he maintained those accounts throughout the pendency of this action. No disposition of those accounts appears in the record, nor are the records of those accounts adequate to enable this Court to distribute them. We further agree with plaintiff that Supreme Court erred in failing to make the requisite findings with respect to the value of each marital asset distributed to the parties (*see Haas*, 265 AD2d at 888) and in failing to state the factors it considered in distributing the marital property and the reasons for its decision (*see* Domestic Relations Law § 236 [B] [5] [g]; *O'Brien v O'Brien*, 66 NY2d 576, 589 [1985]). "Absent such findings, we are unable to review the propriety of the distributive award" (*Haas*, 265 AD2d at 888; *see O'Brien*, 66 NY2d at 589; *Gape v Gape*, 110 AD2d 621, 622 [1985]).

We also are unable to review the Matrimonial Referee's calculation of plaintiff's income in determining the amount of child support and maintenance awarded to defendant. There are significant discrepancies in the record before us with respect to the amount of plaintiff's income, based in part on the admission of plaintiff that he deposited more than $300,000 in excess of his income into his checking account over a four-year span, and we are unable to determine on the record before us whether the Matrimonial Referee imputed income to plaintiff in determining the amount of child support and maintenance (*see*

*generally Terrell v Terrell*, 299 AD2d 810, 812 [2002]; *Mayle v Mayle*, 299 AD2d 869 [2002]).

We therefore reverse the order and remit the matter to Supreme Court for a new determination following a hearing, if necessary. We note that both parties failed to file complete statements of net worth along with the statements from financial institutions required by 22 NYCRR 202.16 (f) (1), and the new determination shall be made only after receipt of complete statements of net worth from both parties with the requisite financial documentation (*see generally Cole v Cole*, 283 AD2d 602 [2001]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.