[832 NYS2d 713]

Thomas J. Williams, Appellant, v Kevin M. White, Defendant, and General Motors Acceptance Corporation et al., Respondents.

Fourth Department, March 16, 2007

APPEARANCES OF COUNSEL

*Roach, Brown, McCarthy & Gruber, P.C.*, Buffalo (*J. Mark Gruber* of counsel), for appellant.

*Bivona & Cohen, P.C.*, New York City (*Bruce S. Cantin* of counsel), for respondents.

**OPINION OF THE COURT**

CENTRA, J.

The issue before us on this appeal is whether plaintiff's action against General Motors Acceptance Corporation and VAULT (defendants) was commenced prior to the effective date of 49 USC § 30106. We conclude that it was, and we thus conclude that Supreme Court erred in granting the motion of defendants seeking dismissal of the amended complaint against them as barred by that statute.

Plaintiff was injured in November 2004 while he was a passenger in a vehicle driven by defendant Kevin M. White. Although the precise nature of the relationship between defendants is unclear on the record before us, we note that it is undisputed that defendants owned the vehicle and leased it to White. On July 25, 2005, plaintiff commenced an action against White and, on August 29, 2005, plaintiff filed a supplemental summons and an amended complaint adding defendants as parties to the action. In their answer, defendants asserted as an affirmative defense that the action against them was barred by 49 USC § 30106, and they subsequently moved to dismiss the complaint against them based on that affirmative defense.

Pursuant to Vehicle and Traffic Law § 388, the owner of a motor vehicle, including a leasing company, is vicariously liable for the negligence of the driver of the motor vehicle (*see generally Hassan v Montuori*, 99 NY2d 348, 353 [2003]), and plaintiff asserted in the amended complaint that defendants were liable pursuant to that statute. Pursuant to 49 USC § 30106, effective August 10, 2005, however, if the owner of a motor vehicle is "engaged in the trade or business of renting or leasing motor vehicles," such owner shall not be vicariously liable under any state law for damages sustained in a

motor vehicle accident (§ 30106 [a] [1]). The statute further provides that,

> "[n]otwithstanding any other provision of law, this [statute] shall apply with respect to any action commenced on or after the date of enactment of this [statute] without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment" (§ 30106 [c]).

Therefore, section 30106 preempts Vehicle and Traffic Law § 388 and bars this action against defendants if plaintiff commenced the action on or after August 10, 2005.

Plaintiff contends that 49 USC § 30106 does not apply because the action was commenced on July 25, 2005. Defendants, on the other hand, contend that the relevant date is August 29, 2005, the date on which plaintiff filed the supplemental summons and amended complaint adding them as parties to the action. Defendants contend that section 30106 therefore bars this action because the filing of the amended complaint occurred after August 10, 2005, the effective date of the statute. We agree with plaintiff.

In order for section 30106 to apply, the "action" must be commenced on or after the effective date of the statute; the statute does not refer to the date on which a claim is interposed (cf. CPLR 203 [a]). Pursuant to CPLR 1003, parties may be added "at any stage of *the action* by leave of court or by stipulation of all parties who have appeared" (emphasis added). Here, White stipulated to allow plaintiff to add defendants to the action, and plaintiff therefore did not commence a new action against defendants. Instead, as previously noted, he filed a supplemental summons and an amended complaint adding defendants as parties to the action against White, and he did not pay a new filing fee because none was required (see *Kheyfets v El Amari, Inc.*, 231 AD2d 684 [1996]). We decline to follow the decision of the Second Department in *Jones v Bill* (34 AD3d 741 [2006]), relied upon by defendants, because that Court did not distinguish between a claim and an action.

In sum, we conclude that the sole action herein was commenced on July 25, 2005, prior to the effective date of 49 USC § 30106. Accordingly, we conclude that the order should be re-

versed, the motion denied, and the amended complaint against defendants reinstated.

SCUDDER, P.J., GORSKI, GREEN and PINE, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed, on the law, without costs, the motion is denied, and the amended complaint against defendants General Motors Acceptance Corporation and VAULT is reinstated.