In the Matter of the STATE OF NEW YORK, Respondent, v RICHARD W. ZIMMER, Appellant. (Appeal No. 3.) [879 NYS2d 756]— Appeal from an order of the Supreme Court, Oneida County (James C. Tormey, J.), entered March 24, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, denied respondent's motion for a protective order with respect to certain records.

Appeal from an order of the Supreme Court, Oneida County (James C. Tormey, J.), entered April 9, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that certain records be unsealed and made available to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this Mental Hygiene Law article 10 proceeding, respondent contends that Supreme Court erred in directing that certain records that previously were sealed pursuant to CPL 160.50 (1) be unsealed and made available to petitioner for use in this proceeding. We affirm. Mental Hygiene Law § 10.08

(c) provides that, "[n]otwithstanding any other provision of law," petitioner is authorized to request, and state agencies are authorized to provide, "any and all records and reports related to the respondent's commission or alleged commission of a sex offense . . . or other information relevant to" the article 10 proceeding. The statute further provides that "[o]therwise confidential materials obtained for purposes of proceedings pursuant to [article 10] shall not be further disseminated or otherwise used except for such purposes" (§ 10.08 [c]). Respondent contends that the provisions of section 10.08 do not supersede the sealing provisions of CPL 160.50 (1). We reject that contention. Where, as here, the language of a statute is unambiguous, " 'the courts may not resort to rules of construction to broaden the scope and application of a statute' " (*Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 107 [1997]; *see Desiderio v Ochs*, 100 NY2d 159, 169 [2003]; *Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc.*, 61 AD3d 146 [2009]). The phrase "[n]otwithstanding any other provision of law" contained in Mental Hygiene Law § 10.08 (c) "clearly supersedes *any* inconsistent provisions of state law" (*Matter of Melendez v Wing*, 8 NY3d 598, 609 [2007]; *see Land v County of Ulster*, 84 NY2d 613, 617 [1994]; *Williams v White*, 40 AD3d 110, 111-112 [2007]), and thus must be deemed to include CPL 160.50.

We further conclude that petitioner established that the records in question may contain information concerning the alleged commission of a sex offense and are otherwise relevant to the Mental Hygiene Law article 10 proceeding (*see* Mental Hygiene Law § 10.08 [c]). Contrary to the contention of respondent, the constitutional issues he raises involve the admissibility or use of those records at a subsequent article 10 trial, and the court reserved decision on the issue of the admissibility of the sealed records at trial. Thus, our review of that issue would be premature (*see Matter of Parrinello*, 213 AD2d 1006, 1008 [1995]). Finally, respondent contends that the court erred in ordering that the records be unsealed and made available to petitioner because section Mental Hygiene Law § 10.08 (c) is permissive rather than mandatory. That contention is not properly before us inasmuch as it is raised for the first time in respondent's reply brief (*see generally Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.