# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

230
CAF 10-00949
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF TRACY FOX,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CARMEN COLEMAN, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

CARMEN COLEMAN, RESPONDENT-APPELLANT PRO SE.

TRACY FOX, PETITIONER-RESPONDENT PRO SE.

MICHAEL A. ROSENBLOOM, ATTORNEY FOR THE CHILD, ROCHESTER, FOR JUSTIN F.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered March 30, 2010 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted primary physical custody of the parties' younger child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals pro se from an order that, following a hearing, granted in part petitioner father's cross petition seeking, inter alia, to modify a prior order of custody and visitation and awarded him primary physical custody of the parties' younger child, with visitation to the mother. In appeal No. 2, petitioner mother appeals from an order denying her motion seeking, inter alia, attorneys' fees. We affirm the order in each appeal.

We note at the outset that the order in appeal No. 1 addresses the issues of custody and visitation with respect to only the parties' younger child. The mother's contentions with respect to the parties' older child are not properly before us because she failed to appeal from the prior order granting the father custody of that child (*see Johnson v Johnson*, 190 AD2d 1084; *see generally Hoffman v Hoffman*, 31 AD3d 1125, 1126; *Matter of Parrinello*, 213 AD2d 1006, 1006-1007). In any event, we note that the mother stipulated to that prior order, and no appeal lies from an order entered upon the parties' consent (*see Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652).

Contrary to the mother's contention in appeal No. 1, Family Court

properly granted the father's cross petition.  Inasmuch as "there is no challenge to [the c]ourt's finding of a change in circumstances, we need only address whether it was in the child[ ]'s best interests to" award custody to the father (*Matter of Bush v Bush*, 74 AD3d 1448, 1449, *lv denied* 15 NY3d 711; *see Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180).  To the extent that the mother contends that the court's determination is not supported by legally sufficient evidence, we reject that contention.  " 'Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744).  Here, the court's determination is supported by the requisite " 'sound and substantial basis in the record,' " and thus it will not be disturbed (*id.*).

We have considered the mother's remaining contentions with respect to each appeal and conclude that they are without merit.

Entered:  March 16, 2012                     Frances E. Cafarell
                                             Clerk of the Court