Order, Supreme Court, New York County (Daniel Conviser, J), entered on or about August 4, 2011, which, upon a jury verdict that respondent suffers from a mental abnormality, determined that respondent is a dangerous sex offender requiring confinement, unanimously affirmed, without costs.
The court properly ordered the unsealing of records related to three rapes and two robberies for which respondent was indicted in 1968, although respondent’s conviction of one count of rape and one count of robbery was ultimately overturned on the ground that he was incompetent at the time he pleaded guilty (see Suggs v LaVallee, 570 F2d 1092 [2d Cir 1978], cert denied 439 US 915 [1978]). Mental Hygiene Law § 10.08 (c) provides, “Notwithstanding any other provision of law,” the State is entitled to access to “all records and reports relating to the respondent’s commission or alleged commission of a sex offense” (emphasis added). Contrary to respondent’s contention, this provision supersedes CPL 160.50, which requires that the record of a criminal proceeding that terminated in favor of the accused be sealed (see Matter of State of New York v Zimmer, 63 AD3d 1563 [4th Dept 2009]).
*512 The court properly permitted the State’s experts to rely on hearsay statements in the unsealed documents in forming their opinions and to testify as to the content of those documents, subject to certain restrictions, on the ground that the out-of-court documents were “of a kind accepted in the profession as reliable in forming a professional opinion” (see People v Goldstein, 6 NY3d 119, 124 [2005] [internal quotation marks omitted], cert denied 547 US 1159 [2006]). There is no basis for disturbing the court’s determination that the disclosed hearsay facts’ probative value to the jury in evaluating the experts’ opinions substantially outweighed their prejudicial effect (see id. at 126-127).
The jury’s verdict that respondent suffers from a mental abnormality is supported by legally sufficient evidence (see People v Tejeda, 73 NY2d 958 [1989]) and is not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Concur — Andrias, J.E, Sweeny, Freedman, Feinman and Gische, JJ. [Prior Case History: 32 Misc 3d 1206(A), 2011 NY Slip Op 51195(U).]