# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

657

CA 11-02396

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

LARRY SCHRAENKLER, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (LISA L. PAINE OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered October 25, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, respondent appeals from an order confining him to a secure treatment facility upon a jury verdict determining that he had a mental abnormality and a determination by Supreme Court, after a dispositional hearing, that respondent was a dangerous sex offender requiring confinement. On appeal, respondent contends the court erred in denying his motion to preclude evidence of a 1991 offense because the charges were dismissed and the file was sealed. We reject that contention (*see Matter of State of New York v Zimmer* [appeal No. 4], 63 AD3d 1563, 1563-1564). In August 1991, respondent was arrested and charged with endangering the welfare of a child. Although that charge ultimately was dismissed and the record sealed, respondent was questioned about that charge during his discussions with petitioner's expert psychologists. Those experts relied on the underlying facts of the 1991 charge in forming their opinions that respondent suffered from a mental abnormality and each testified that such evidence was considered reliable in their profession (*see generally Matter of State of New York v Motzer*, 79 AD3d 1687, 1688). Evidence of prior crimes is commonly admissible in article 10 proceedings because it is probative of whether a designated felony was sexually motivated and whether a respondent has a mental abnormality (*see Matter of State of New York v Shawn X.*, 69 AD3d 165, 171-172, *lv denied* 14 NY3d 702), and evidence of uncharged crimes likewise is admissible in article 10

proceedings because "Mental Hygiene Law article 10 does not limit the proof to acts that resulted in criminal convictions when considering the issue of mental abnormality" (*Matter of State of New York v Timothy J.J.*, 70 AD3d 1138, 1143).

Contrary to respondent's further contention, petitioner met its burden of proving by clear and convincing evidence that respondent is a detained sex offender who suffers from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control his behavior, that confinement in a secure treatment facility is required (*see* Mental Hygiene Law § 10.07 [d]; *Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473-1474, *lv denied* 17 NY3d 702), and there is no basis upon which to disturb the court's determination in that regard (*see Matter of State of New York v Harland*, 94 AD3d 1558, 1559, *lv denied* 19 NY3d 810).