*860 OPINION OF THE COURT
Emily Pines, J.
In this proceeding pursuant to article 10 of the Mental Hygiene Law, the petitioner, State of New York, makes an application to unseal certain records in the possession of the Suffolk County District Attorney, Suffolk County Police Department, and Supreme Court of the State of New York, Suffolk County, consisting of arrest reports, supplemental police reports, witness statements, supporting depositions, accusatory instruments and statement notice, relative to the arrest of the respondent, Marcello A., on April 17, 1998, on charges of acting in a manner injurious to a child less than 17, among other charges prosecuted under District Court of Suffolk County, First District case number 20640/98, and also relative to respondent’s arrest on June 6, 2001 on the charge of rape in the first degree by forcible compulsion prosecuted under District Court of Suffolk County, First District case number 2011SU024136. The records of both cases were sealed pursuant to CPL 160.50 following dismissal of the charges.
Petitioner now requests the unsealing of these records based on the authority prescribed in Mental Hygiene Law § 10.08 (c), which provides in relevant part:
“Notwithstanding any other provision of law, the commissioner, the case review panel and the attorney general shall be entitled to request from any agency, office, department or other entity of the state, and such entity shall be authorized to provide upon such request, any and all records and reports relating to the respondent’s commission or alleged commission of a sex offense, the institutional adjustment and any treatment received by such respondent, and any medical, clinical or other information relevant to a determination of whether the respondent is a sex offender requiring civil management.”
Respondent opposes petitioner’s application, arguing that the records sought relating to charges from 1998 to 2001 were already improperly provided to Dr. Charder, petitioner’s psychiatric examiner, by the Attorney General’s office and were utilized by Dr. Charder in her report supporting her findings presented during the probable cause stage of this proceeding. Respondent’s basis for such accusation is that these records were already provided to Mental Hygiene Legal Service *861 (MHLS), respondent’s attorney, during the discovery process. Respondent argues that the unsealing order would make the inappropriate disclosure proper after the fact.
Respondent does not argue that the records held by the Supreme Court of the State of New York, Suffolk County, are outside the scope of Mental Hygiene Law § 10.08 (c) and thus concedes that those records may be unsealed. Thus, as set forth in petitioner’s application, these records shall be unsealed and provided to MHLS.
More significantly, respondent contends that there is no statutory basis for unsealing the records held by the Suffolk County District Attorney and/or Suffolk County Police Department. Respondent argues that the clear language of Mental Hygiene Law § 10.08 (c) limits the right of the Attorney General to request records and reports relating to a respondent’s alleged commission of a sex offense “from any agency, office, department or other entity of the state.” (Emphasis added.) Thus, MHLS asserts that since the offices of the Suffolk County District Attorney and Suffolk County Police Department are local rather than state offices, any records in their possession that have been sealed do not come within the ambit of the clear language of Mental Hygiene Law § 10.08 (c).
Petitioner responds to the first allegation averring that its office had already unsealed the subject records. Counsel states that such records relating to this application “[w]ere sealed pursuant to CPL 160.50.” He states further: “[accordingly, all records relating to Respondent’s arrests, charges and convictions were sealed and the files, in their entirety, were never fully released or provided to the New York State Office of the Attorney General or the Respondent or his counsel.” The Assistant Attorney General argues, in addition, that the language of the statute authorizes release to the Attorney General of all records and reports relating to both the respondent’s commission of sex offenses, and additionally, to allegations of sex offenses. Further, he contends that the phrase “[notwithstanding any other provision of law” in Mental Hygiene Law § 10.08 (c) makes it clear that the statute overrides the sealing provisions of CPL 160.50 (1).
The petitioner cites Matter of State of New York v Zimmer (63 AD3d 1563 [4th Dept 2009]) in support of this position, in which the Appellate Division held that records which were previously sealed pursuant to CPL 160.50 (1) be unsealed and made available to the State for use in proceedings pursuant to *862 Mental Hygiene Law § 10.08 (c). The Fourth Department in Zimmer found that the provisions of Mental Hygiene Law § 10.08 (c) supercede the sealing provisions of CPL 160.50 (1), which mandates the sealing of certain criminal records, such as those sought herein, by virtue of the language beginning the section “[notwithstanding any other provision of law.”
On the other hand, MHLS argues that the court should not seek to interpret what it believes to be the clear wording of the statute in question, stating that “the failure of the legislature to include a term in a statute is a significant indication that its exclusion was intended” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60-61 [2013]). Respondent cites several Supreme Court cases that were decided after the State v Zimmer decision, but which hold that records in the possession of a local police department or office of a district attorney do not constitute records in the possession of the State, its agencies or one of its entities (see Matter of State of New York v Claude M., Sup Ct, Kings County, May 28, 2015, Riviezzo, J., index No. 9407/13; Matter of State of New York v Richard V., Sup Ct, Bronx County, Dec. 23, 2014, Kindler, J., index No. 251708/13; Matter of State of New York v Richard V., Sup Ct, Bronx County, Feb. 13, 2015, Hubert, J., index No. 251708/13). MHLS argues, in addition, that the Zimmer case does not help petitioner’s argument, since the unsealed records were those in the control of the State Police. {Zimmer.)
Petitioner argues that under article VI, § 1 (a) of the New York State Constitution “[t]he unified court system for the state shall also include the district, town, city, and village courts outside the city of New York.” Viewing the matter under those lenses, the Suffolk County District Attorney and Suffolk County Police Department records are argued to fall within the framework set forth in article 10 of the Mental Hygiene Law. According to petitioner, the language of Mental Hygiene Law § 10.08 must also be viewed in the context of the legislative purpose of article 10, which is described as designed to “protect residents of this state from sex criminals whose recidivism is predictable and uncontrollable” {see Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 7 at 19). Petitioner points to the direct language of Mental Hygiene Law § 10.01 (a), stating that “recidivist sex offenders pose a danger to society that should be addressed through comprehensive programs of treatment and management.” In addition, the Assistant Attorney *863 General contends that it is clearly the case that sealed documents relating to prior criminal charges, witness statements, arrests reports, supporting depositions and the like are both clearly relevant to and properly utilized by a psychiatric examiner in an article 10 proceeding in determining both whether the respondent suffers from a mental abnormality as defined and also to the circumstances surrounding a sexually motivated designated felony offense which gave rise to the commencement of the proceeding. Petitioner, like respondent, refers to several Supreme Court decisions approving the unsealing of such records (see Matter of State of New York v Roesch, Sup Ct, Richmond County, Oct. 16, 2013, Collini, J., index No. 80171/13; Matter of State of New York v Suggs, Sup Ct, NY County, Nov. 5, 2009, Cataldo, J., index No. 30051/09).
Based on all of the above, the legal issue presented is whether the rights afforded the Attorney General in an article 10 proceeding to unseal criminal records previously sealed under CPL 160.50 (1) are limited to those records in the possession of the State or one of its agencies or whether the statute is meant to apply to records relating to the respondent’s criminal history held by an office of a county district attorney or a county police department, where such offices are considered subdivisions of the State. The court accepts the statement made in the affirmation of the Assistant Attorney General that the sealed records sought in the case at bar were not, in fact, unsealed nor fully disclosed to the Attorney General prior to the current pretrial stage of this proceeding. In addition, the court finds that the records sought are typically those reviewed by a psychiatric examiner in relation to the purpose of the Mental Hygiene Law as set forth in the petitioner’s papers. The real question for the court, therefore, is whether the reference to the terms defining records as those in possession of an agency, office, department, or other entity of the State, is one that is clear on its face or whether it should be viewed in terms of the purpose of the statute.
First, the court notes that the issue regarding an office such as that of the district attorney, while referred to in certain contexts as a local office, since the holder of the office is elected by electors of only a portion of the state (see Fisher v State of New York, 10 NY2d 60, 61 [1961]), has more recently been defined by the Court of Appeals in the case of Matter of Hoerger v Spota (21 NY3d 549 [2013]). In determining whether a county legislature could limit the terms of office of a district at *864 torney, the Court affirmed the denial of that right, stating that “although the district attorney may be an officer serving a county, the office and its holder implicate state concerns” {id. at 552).
Perhaps most significant in reaching this determination is the recent decision by the United States Supreme Court in King v Burwell (576 US —, 135 S Ct 2480 [2015]). In King, the United States Supreme Court grappled with the issue of statutory interpretation by the judicial branch. The phrase “[a]n exchange established by the State” was placed before the Court to determine whether such language referred to all exchanges (including both state and federal), or whether 42 USC § 18031, by virtue of the precise wording of the statute, was limited in its application to State Exchanges. As Chief Justice Roberts set forth:
“[T]he phrase ‘an Exchange established by the State under [42 U.S.C. § 18031]’ is properly viewed as ambiguous. The phrase may be limited in its reach to State Exchanges. But it is also possible that the phrase refers to all Exchanges — both State and Federal — at least for purposes of tax credits. . . . State and Federal Exchanges would differ in a fundamental way if tax credits were available only on State Exchanges — one type of Exchange would help make insurance more affordable by providing billions of dollars to the States’ citizens; the other type . . . would not” (576 US at —, 135 S Ct at 2491).
It appears the Supreme Court found that adoption of strict textualist interpretation of the term “by the State” would essentially nullify at least one purpose of the Affordable Care Act (ACA) — that being, less expensive access to health insurance. If a state refused to create its own exchange, and the federal government created it for those citizens, none of those persons participating in the exchange would be eligible for the ACA’s subsidies — essentially rendering the act significantly less effective in any state that declined to create its own exchange.
The question here, therefore, is whether any major purpose of article 10 of the Mental Hygiene Law is somehow substantially nullified or rendered contrary to its purpose by interpreting the phrase “agency, office, department or other entity” of the State to be limited so that a psychiatric examiner is unable to view a respondent’s entire criminal history. As set forth, *865 above, the Attorney General is authorized to unseal records notwithstanding any law to the contrary. It is known and generally accepted that the psychiatric examiner reviews the criminal history of the respondent and utilizes such information both in the interview with the respondent and in order to prepare a report and render an opinion as to whether the respondent suffers from a mental abnormality, predisposing respondent to commit sex offenses and causing respondent to have serious difficulty in controlling such behavior. It is also the case, as set forth above, that the statute is meant to prevent danger to the community as well as to provide a basis for affording proper treatment of the sex offender.
In this court’s view, there is no difference between records in the hands of the State Police, such as in the Zimmer case, and those kept by a local county police department or in the files of the district attorney, who, as recently stated by the Court of Appeals, is an officer whose duties have significant state implications. (Hoerger v Spota.)
As stated by the United States Supreme Court in King, “we must do our best, bearing in mind the fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall scheme” (King v Burwell, 576 US at —, 135 S Ct at 2492] [internal quotation marks omitted]).
Based on all of the above, it is this court’s finding that Mental Hygiene Law § 10.08 (c) is only meaningful if it provides access to the entire criminal history of a respondent who will be examined by an expert to opine on whether he/she suffers from a mental abnormality. Limiting such review to records in the hands of the courts or the State, as opposed to the county police and those of the district attorney simply renders Mental Hygiene Law § 10.08 (c), a significant provision of the statute, meaningless. The reports underlying both arrests are viewed as relevant to a determination of whether the respondent is a sex offender requiring civil management. This court is aware of the significant issues raised by the Court of Appeals in Matter of State of New York v Floyd Y. (22 NY3d 95 [2013]) concerning the admissibility of these records at the trial of this proceeding. Such determination will be made only at that stage.
Accordingly, the application to unseal the records sought by the petitioner is granted and it is ordered that the petitioner be provided with the sealed records of Marcello A. under case numbers 20640/98 and 20011SU024136 in the possession of *866 the Suffolk County District Attorney, Suffolk County Police Department, and Supreme Court of the State of New York, Suffolk County. Respondent is to be provided with a copy of all records obtained by the Attorney General under this order.