Matter of Boyle v NYS Dept. of Motor Vehs. (2022 NY Slip Op 06047)

Matter of Boyle v NYS Dept. of Motor Vehs.

2022 NY Slip Op 06047

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533880
[*1]In the Matter of John Boyle, Appellant,
v
NYS Department of Motor Vehicles, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Law Office of Zev Goldstein, PLLC, New York City (Zev Goldstein of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

Pritzker, J.
Appeals (1) from a judgment of the Supreme Court (David A. Weinstein, J.), entered July 29, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered November 12, 2021 in Albany County, which, upon reargument, adhered to its prior decision.
As a result of petitioner having been convicted of alcohol-related driving offenses on three occasions, his driver's license was revoked pursuant to respondent's policy for repeat offenders. After successfully moving to seal a 1999 driving while intoxicated conviction, petitioner applied to respondent to have his driver's license reinstated. Respondent denied petitioner's application based upon "a lifetime review of [petitioner's] driving record" — which specifically referenced his history of alcohol-related offenses, including the 1999 conviction. Respondent also relied upon 15 NYCRR 136.5 (b) (2), which details when respondent's Commissioner shall deny an application for relicensing.
After petitioner administratively appealed this denial, which was upheld by respondent's Administrative Appeals Board, petitioner commenced this CPLR article 78 proceeding, alleging that the determination denying his application was premised upon the improper consideration of his sealed conviction, in contravention of CPL 160.59 and Executive Law § 296, and seeking an order compelling respondent to grant his application for relicensure. Respondent moved pre-answer to dismiss the petition, alleging, among other things, that the relevant provisions of the CPL and Executive Law do not bar respondent from considering petitioner's entire lifetime record, including the 1999 sealed conviction, such that petitioner failed to state a claim upon which relief can be granted. Ultimately, Supreme Court granted respondent's motion for failure to state a claim and dismissed the petition finding, among other things, that CPL 160.59 does not preclude respondent from considering prior alcohol-related driving convictions in making relicensing determinations.[FN1] Petitioner moved for reargument. The court granted the motion but adhered to its prior decision. Petitioner appeals.
The issue on appeal is whether respondent, when considering an application for relicensure, may consider a sealed conviction. Respondent has determined that it may, relying primarily on 15 NYCRR 136.5, which sets forth, among other things, special rules for applications for relicensure with multiple alcohol- or drug-related driving convictions. Petitioner, however, contends that respondent cannot because to do so would be an unlawful discriminatory practice pursuant to Executive Law § 296 (16). Thus, on appeal, we must consider the interplay of 15 NYCRR 136.5, and relevant provisions of the Vehicle and Traffic Law, with Executive Law § 296 (16) to determine whether respondent's denial of petitioner's application for relicensure based upon, in part, his 1999 conviction [*2]"was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehs., 172 AD3d 1588, 1589 [3d Dept 2019]).
"As a general matter, once an offender's license has been revoked — permanently or otherwise — reissuance of a new license is subject to the discretion of [the] Commissioner of Motor Vehicles" (Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehs., 172 AD3d at 1589 [internal quotation marks, brackets and citation omitted]; see Vehicle and Traffic Law §§ 510 [6] [a]; 1193 [2] [c]). "Upon receipt of a person's application for relicensing, the Commissioner shall conduct a lifetime review of such person's driving record. If the record review shows that . . . the person has three or four alcohol- or drug-related driving convictions or incidents in any combination within the 25 year look back period and, in addition, has one or more serious driving offenses within the 25 year look back period, then the Commissioner shall deny the application" (15 NYCRR 136.5 [b] [2]). As relevant here, Executive Law § 296 (16) provides that "[i]t shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any . . . agency . . . to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation
. . . which was followed . . . by a conviction which is sealed pursuant to [CPL] 160.59." "Records sealed pursuant to [CPL 160.59] shall be made available to . . . qualified agencies, as defined in [Executive Law § 835 (9)]" (CPL 160.59 [9] [b]).
Although petitioner is correct that respondent is not a qualified agency expressly permitted to access sealed records under Executive Law § 835 (9), respondent is "permitted by statute" to consider sealed convictions in reviewing an application for relicensure (Executive Law § 296 [16]; see Vehicle and Traffic Law §§ 510 [6], [11]; 1193 [2] [c]; cf. Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 580 [2014]; Matter of State of New York v John S., 23 NY3d 326, 341 [2014]; Del Terzo v Hospital for Special Surgery, 95 AD3d 551, 552 [1st Dept 2012]). Specifically, Vehicle and Traffic Law § 510 (11) provides that, "[n]otwithstanding any contrary provision of law, the division of criminal justice services is authorized to share with [respondent's] commissioner such criminal history information in its possession as may be necessary to effect the provisions of [the Vehicle and Traffic Law]." To read Executive Law § 296 (16) and CPL 160.59 to prohibit respondent from considering sealed convictions related to driving offenses would impede the broad discretion bestowed upon respondent and the Commissioner by the Legislature and plainly subvert public safety concerns inherent in the detailed licensing scheme (see Matter [*3]of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 221-222 [2017]; see also Vehicle and Traffic Law § 1193 [2] [b] [12] [b]). Moreover, the "[n]otwithstanding any contrary provision of law" language in Vehicle and Traffic Law § 510 (11) "clearly supersedes any inconsistent provisions of state law — which necessarily includes" the sealing provisions in CPL 160.59 (Matter of Melendez v Wing, 8 NY3d 598, 609 [2007]; see generally Matter of State of New York v Zimmer, 63 AD3d 1563, 1564 [4th Dept 2009]).
Further, to the extent there is any ambiguity, the legislative history for CPL 160.59 does not indicate that the impact of a conviction on the licensing process was considered or that respondent's discretion in that process was intended to be limited, as its purpose primarily contemplated barriers to opportunity and employment (see People v Doe, 62 Misc 3d 574, 577 [Sup Ct, Queens County 2018]). Indeed, respondent maintains the discretion to consider "unusual, extenuating and compelling circumstances that may be presented for review and which may form a valid basis to deviate from the general policy, as set forth above, in the exercise of discretionary authority granted under [Vehicle and Traffic Law §§ 510, 1193]" (15 NYCRR 136.5 [d]). Accordingly, respondent is not required to, but may, consider a sealed conviction when reviewing an application for relicensure. Likewise, respondent possesses the discretion not to consider a sealed conviction, and may choose to exercise its discretion to grant an application for relicensure where the applicant has demonstrated a compelling reason to do so (see 15 NYCRR 136.5 [d]). Thus, petitioner is incorrect that respondent's decision to deny relicensure is acting "adversely upon" petitioner's sealed conviction; rather, respondent is exercising its discretion to deny petitioner a new license based upon its "lifetime review of [petitioner's] driving record," which included a record of the alcohol-related driving offense and corresponding 1999 conviction (15 NYCRR 136.5 [b]). Therefore, Supreme Court properly dismissed the petition upon finding that respondent's determination was not contrary to law.
Garry, P.J., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.

Footnotes

Footnote 1: Although respondent's motion was delineated as a motion to dismiss, Supreme Court treated it as a motion for summary judgment and rendered a merit-based determination. We discern no error with such given that "the issue raised by defendant[] on [its] motion to dismiss is one of law fully briefed and argued by the parties" (Historic Albany Found. v Breslin, 282 AD2d 981, 983 [3d Dept 2001], lv dismissed 97 NY2d 636 [2001]).