Matter of Hartman v NYS Dept. of Motor Vehs. (2023 NY Slip Op 03396)

Matter of Hartman v NYS Dept. of Motor Vehs.

2023 NY Slip Op 03396

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

536149
[*1]In the Matter of Jason Hartman, Appellant,
v
NYS Department of Motor Vehicles, Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Law Office of Zev Goldstein, PLLC, New City (Zev Goldstein of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Kevin R. Bryant, J.), entered September 12, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for a driver's license.
Petitioner's driver's license was revoked as a result of three alcohol-related driving offenses. Petitioner applied to restore his driver's license in 2015 and 2016 and his applications were denied by respondent's Driver Improvement Bureau based upon a lifetime review of his driving record (see 15 NYCRR 136.5 [b] [2]). After receipt of a coram nobis order vacating one of petitioner's convictions, reducing two points from his driving record, petitioner applied for a license in 2021. The Driver Improvement Bureau denied the application based upon 15 NYCRR 136.10 (b).
Petitioner administratively appealed the denial, which was upheld by respondent's Administrative Appeals Board — finding that although petitioner's statutory mandatory waiting period had expired, he was convicted of violating Vehicle and Traffic Law § 511 (1) during said waiting period and was therefore ineligible for a waiver of the permanent revocation (see 15 NYCRR 136.10 [b] [2], [4]). Petitioner commenced this CPLR article 78 proceeding against respondent seeking to vacate the denial of his application for relicensing alleging that it was an error of law, arbitrary and capricious or an abuse of discretion. Supreme Court dismissed the petition, and petitioner now appeals.
We affirm. "As a general matter, once an offender's license has been revoked — permanently or otherwise — reissuance of a new license is subject to the discretion of the Commissioner of Motor Vehicles" (Matter of Boyle v NYS Dept. of Motor Vehs., 209 AD3d 1222, 1224 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 909 [2023]; see Vehicle and Traffic Law §§ 510 [6] [a]; 1193 [2] [b]). As is relevant here, the Commissioner may waive the permanent revocation of a driver's license only if the statutorily required waiting period has expired since the imposition of the permanent revocation and, during such period, the applicant was not convicted of a violation of Vehicle and Traffic Law § 511. In addition, the waiver shall be granted only if: (1) the "applicant presents proof of successful completion of a rehabilitation program"; (2) the applicant submits "a certificate of relief from civil disabilities or a certificate of good conduct"; (3) the application is not denied pursuant to 15 NYCRR 136.4 or 136.5; and (4) "[t]here are no incidents of driving during the period prior to the application for the waiver, as indicated by accidents, convictions or pending tickets" (15 NYCRR 136.10 [b]; see Vehicle and Traffic Law § 1193 [2] [b] [12]). "Our review is limited to whether the determination was arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion[*2]" (Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehs., 172 AD3d 1588, 1589 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]).
Petitioner's contention that respondent's Administrative Appeals Board's denial was arbitrary and capricious because it failed to utilize the same standard for each application and that the board showed animus toward petitioner based on his vacated conviction lacks merit. The Legislature has vested the Commissioner with broad discretionary authority to approve or deny relicensing applications, particularly when the applications are submitted by persons with multiple alcohol-related driving offenses (see Vehicle and Traffic Law § 510 [6]). The Commissioner is permitted to refuse to restore a license to a repeat offender in the interest of public safety and welfare (see Vehicle and Traffic Law § 1193 [2] [b] [12] [b], [e]). Therefore, the Commissioner has created a uniform set of rules to promote road safety (see 15 NYCRR Part 136) whereby respondent may waive permanent revocation of a driver's license, upon the satisfaction of statutory criteria, following a case-by-case consideration of each relicensing application (see Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 213 [2017]; Matter of Argudo v New York State Dept. of Motor Vehs., 149 AD3d 830, 832 [2d Dept 2017]; Matter of Carney v New York State Dept. of Motor Vehs., 133 AD3d 1150, 1152 [3d Dept 2015], affd 29 NY3d 202 [2017]).
Petitioner's contention that the Commissioner considered a different statutory standard to review his 2021 application is belied by the record, which establishes that respondent considered 15 NYCRR 136.5 (a) (4), 136.5 (b) (2) and 136.10 (b) (3) in reviewing his 2015 application. As in his 2015 application, the Commissioner utilized 15 NYCRR 136.10 (b) in his instant application. In any case, petitioner failed to establish that respondent is mandated to consider the same statutory standard each and every time an application is submitted or that it displayed animus against petitioner (see Matter of Argudo v New York State Dept. of Motor Vehs., 149 AD3d at 832). The record shows, and petitioner does not deny, that he violated Vehicle and Traffic Law § 511 during the mandatory waiting period. As petitioner failed to satisfy all statutory criteria to obtain his driver's license, respondent's determination denying petitioner's application was not arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion (see Matter of Boyle v NYS Dept. of Motor Vehs., 209 AD3d at 1226; Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehs., 172 AD3d at 1590; Matter of Scism v Fiala, 122 AD3d 1197, 1199 [3d Dept 2014]), especially when taking into consideration that "a driver's license is not generally viewed as a vested right, but merely a personal privilege subject to reasonable restrictions" (Matter of Kenny v Fiala, 127 AD3d 1359, 1360 [3d Dept 2015] [internal [*3]quotation marks, brackets and citation omitted]).
Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.