■ In the Matter of JSB ENTERPRISES, LLC, Appellant, v GERALD G. WRIGHT, Chairman of the Town of Hempstead Board of Appeals, et al., Respondents. [917 NYS2d 302]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Hempstead Board of Appeals dated November 3, 2008, which, after a hearing, inter alia, denied the petitioner's application for an off-street parking area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered September 17, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards are vested with broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]). Thus, the determination of a zoning board will be upheld if it is rational and not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d at 67). "A determination is rational 'if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition' " (*Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d at 67, quoting *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]).

In determining whether to grant an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612). Accordingly, the zoning board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some

method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612-613).

Contrary to the petitioner's contentions, the record demonstrates that the Town of Hempstead Board of Appeals (hereinafter the Board) engaged in the required balancing test and considered the relevant statutory factors (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d at 77). The Board's findings that the requested variance would result in an undesirable change in the character of the community and would have an adverse impact on the physical or environmental conditions in the neighborhood were supported by specific, detailed testimony from area residents based on personal knowledge, and were not based on mere generalized community opposition (*see Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Millennium Custom Homes, Inc. v Young*, 58 AD3d 740, 741 [2009]; *Matter of Fagan v Colson*, 49 AD3d 877, 878 [2008]). Furthermore, the Board's finding that the requested variance is substantial, creating a 41% deficiency in the number of off-street parking spaces otherwise required, was rational considering the significant deviation from the local zoning ordinance's requirements (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d at 73). Moreover, the petitioner's difficulty was self-created and, under the circumstances of this case, this represented a particularly compelling factor in favor of denying the variance (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d at 74; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.