# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1216**

**CA 14-00589**

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF JEFFREY A. SHEARER,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

BARBARA J. FIALA, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES,
RESPONDENT-RESPONDENT.

---

ARTHUR J. RUMIZEN, WILLIAMSVILLE, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Diane Y. Devlin, J.), entered March 19, 2014 in a
proceeding pursuant to CPLR article 78. The judgment denied the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner's New York State driver's license was
revoked in June 2011, as part of the sentence imposed upon his
conviction of driving while intoxicated under Vehicle and Traffic Law
§ 1192. In February 2013, he applied for relicensing pursuant to
Vehicle and Traffic Law § 510 (5), and he appeals from a judgment
denying his CPLR article 78 petition seeking to annul respondent's
denial of that application.

Petitioner contends that the 25-year look-back period set forth
in 15 NYCRR part 136 is unenforceable and that respondent therefore
erred in applying it to his application. Specifically, petitioner
contends that the look-back period is legislative in nature and is
inconsistent with the Vehicle and Traffic Law, which contains look-
back periods of 10 years or less. Thus, petitioner contends that he
is entitled to be relicensed immediately. We reject those
contentions.

We conclude that 15 NYCRR 136.5 is not legislative in nature,
inasmuch as the Legislature delegated its authority to administer the
relicensing process to the Commissioner of the Department of Motor
Vehicles (*see* Vehicle and Traffic Law §§ 215 [a]; 510 [5], [6]; *see
generally Boreali v Axelrod*, 71 NY2d 1, 8-11). Therefore, in

promulgating 15 NYCRR part 136, the Commissioner has not "act[ed] inconsistently with the Legislature, or usurp[ed] its prerogatives" (*Clark v Cuomo*, 66 NY2d 185, 189).

We further conclude that 15 NYCRR 136.5 is not in conflict with any look-back period in the Vehicle and Traffic Law (*see Matter of Acevedo v New York State Dept. of Motor Vehs.*, 2014 NY Slip Op 30422[U], *13; *see generally Matter of Hauptman v New York State Dept. of Motor Vehs.*, 158 AD2d 600, 601, *appeal dismissed* 75 NY2d 1004, *lv denied* 76 NY2d 706). Indeed, the look-back periods in the Vehicle and Traffic Law to which petitioner refers do not control here, inasmuch as they are inapplicable, set only minimum revocation periods, or concern the enhancement of criminal charges and punishments (*see Acevedo*, 2014 NY Slip Op 30422[U], *13; *see generally Matter of Barnes v Tofany*, 27 NY2d 74, 75-79).

Petitioner further contends that, even if 15 NYCRR part 136 applies, he cannot be considered a "persistently dangerous driver" under the 25-year look-back period because his prior offenses were not sufficiently egregious. We reject that contention. The regulation states in relevant part that the Commissioner "shall" deny a request for relicensing where, within the 25-year look-back period, "the person has three or four alcohol- . . . related driving convictions . . . in any combination . . . and, in addition, has one or more serious driving offenses" (15 NYCRR 136.5 [b] [2]). Here, within the 25 years preceding petitioner's most recent revocable offense (*see* 15 NYCRR 136.5 [a] [4]), i.e., driving while intoxicated, petitioner has two other alcohol-related driving convictions, i.e., driving while intoxicated and driving while ability impaired, both under Vehicle and Traffic Law § 1192 (*see* 15 NYCRR 136.5 [a] [1] [i]). Furthermore, respondent properly concluded that petitioner committed a serious driving offense within the meaning of the regulation because the regulation defines a serious driving offense as occurring where a driver has accumulated "20 or more points from any violations" (15 NYCRR 136.5 [a] [2] [iv]), and petitioner had accumulated 21 points from other traffic violations. Respondent was therefore required to deny petitioner's application for relicensing.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court