In the Matter of Michael W. Carney, Appellant, v New York State Department of Motor Vehicles et al., Respondents. [20 NYS3d 467]—

Rose, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 4, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Department of Motor Vehicles denying petitioner's application for a driver's license.

Petitioner was convicted of driving while intoxicated in 2011. Although it was his sixth conviction for an alcohol-related driving offense, he was treated as a first time offender under the Vehicle and Traffic Law because he had not been convicted of a

similar offense in the 10 years preceding his 2011 conviction. As a result, petitioner was sentenced to probation and his driver's license was revoked for a minimum period of six months. When the six-month minimum period expired and petitioner applied for a new license, respondent Department of Motor Vehicles (hereinafter DMV) held the application in abeyance until respondent Commissioner of Motor Vehicles could adopt emergency regulations concerning the review of applications for relicensing by persons with multiple alcohol- or drug-related driving offenses.

The regulations were adopted in 2012 and, as applicable here, they provide that "[u]pon receipt of a person's application for relicensing, the Commissioner shall conduct a lifetime review of such person's driving record" and, if such review reveals that "the person has five or more alcohol- or drug-related driving convictions or incidents in any combination within his or her lifetime, then the Commissioner shall deny the application" (15 NYCRR 136.5 [b] [1]). Applying this regulatory provision, DMV denied petitioner's application and, upon petitioner's administrative appeal, the denial was affirmed. Petitioner then commenced this CPLR article 78 proceeding against DMV and its Commissioner seeking, among other things, an order approving his relicensing application and declaring that the regulations are unconstitutional.* Supreme Court dismissed the petition, and this appeal ensued.

Petitioner asserts that 15 NYCRR 136.5 (b) (1) violates the separation of powers doctrine because the Commissioner lacked the authority to promulgate a regulation that imposes a presumptively permanent licensing ban upon persons with five or more alcohol- or drug-related driving offenses and, alternatively, that the Commissioner exceeded her delegated rule-making authority by promulgating such a regulation. We cannot agree. Indeed, the dissent shares our view that the Legislature has reasonably vested the Commissioner with broad discretionary authority to approve or deny relicensing applications (see Vehicle and Traffic Law § 510 [5], [6]), particularly when such applications are submitted by persons

---

* Although not raised by the parties, while a CPLR article 78 proceeding is the proper vehicle in which to seek review of an administrative determination, it is not the proper vehicle in which to raise a facial challenge to the constitutionality of a regulation (see Matter of Kovarsky v Housing & Dev. Admin. of City of N.Y., 31 NY2d 184, 191 [1972]; Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehs., 90 AD2d 643, 644 [1982]). Accordingly, we will convert the matter to a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (see CPLR 103 [c]; Matter of Choe v Axelrod, 141 AD2d 235, 238-239 [1988]).

whose licenses were revoked after multiple alcohol- or drug-related driving offenses (*see* Vehicle and Traffic Law §§ 1193 [2] [c] [1]; 1194 [2] [d] [1]). Further, the Legislature has explicitly permitted the Commissioner to refuse to restore a license to a repeat offender when it is "in the interest of the public safety and welfare" (Vehicle and Traffic Law § 1193 [2] [b] [12] [b], [e]). Accordingly, we have held that the Legislature has lawfully granted the Commissioner regulatory authority to exercise her discretion over the relicensing of persons with multiple alcohol- or drug-related driving offenses after the expiration of any applicable minimum period of revocation, and that this grant provides sufficient direction as to the exercise of that discretion (*see Matter of Acevedo v New York State Dept. of Motor Vehs.*, 132 AD3d 112, 118-119 [2015]; *see also Matter of Shearer v Fiala*, 124 AD3d 1291, 1291-1292 [2015], *lv denied* 25 NY3d 909 [2015]).

Determining whether the Commissioner has exceeded this authority involves "an examination of both the scope of the statute authorizing the regulatory activity and the degree to which the administrative rules are either consistent or 'out of harmony' with the policies expressed in the statute" (*Boreali v Axelrod*, 71 NY2d 1, 15 [1987]; *see Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d 249, 254 [2004]; *Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d 24, 29 [2012], *affd* 21 NY3d 233 [2013]). While the regulation at issue here imposes a stricter standard over relicensing determinations than the Vehicle and Traffic Law imposes in the revocation of licenses, we find that it does not exceed the scope of the Commissioner's rule-making authority. As relevant here, the Vehicle and Traffic Law establishes criteria for license revocation and the minimum time periods during which various types of offenders are ineligible to apply for a new license (*see* Vehicle and Traffic Law § 1193 [2] [b]). The statutes do not guarantee relicensure to any person and, other than barring the Commissioner from granting a relicensing application in a single scenario that is inapplicable to petitioner (*see* Vehicle and Traffic Law § 1193 [2] [c] [3]), they do not place any absolute limitation on the discretion expressly granted to the Commissioner to approve or deny such applications once the minimum revocation periods expire or are waived.

Contrary to the dissent's position, the Commissioner, by promulgating 15 NYCRR 136.5 (b) (1), did not abdicate any statutory mandate to exercise discretion in considering relicensing applications. In our view, the regulation is, in and

of itself, an appropriate discretionary determination by the Commissioner to indefinitely deny the applications of persons, like petitioner, who accumulate five or more alcohol- or drug-related driving offenses. We are further of the view that 15 NYCRR 136.5 (b) (1) is commensurate with the Legislature's policies of promoting highway safety and reducing instances of impaired or intoxicated driving (*see e.g.* Vehicle and Traffic Law § 520; 15 NYCRR 136.1 [a]), and serves those ends by clearly informing motorists of the point at which the Commissioner, in her discretion, has determined that a person's persistent irresponsibility behind the wheel poses too great a danger to other motorists for that person to be relicensed. Moreover, regardless of the Commissioner's general position on egregiously recidivist intoxicated drivers, she retains the discretion to grant a new license to any person affected by the regulation who presents evidence of "unusual, extenuating and compelling circumstances . . . [that] may form a valid basis to deviate from the general policy" (15 NYCRR 136.5 [d]). While such circumstances may be difficult to define, it is unnecessary for us to review their application here, inasmuch as petitioner argues that the regulation is invalid on its face, not that the Commissioner should have granted his relicensing application pursuant to 15 NYCRR 136.5 (d). Accordingly, we cannot agree that the Commissioner violated the separation of powers doctrine by promulgating 15 NYCRR 136.5 (b) (1).

Petitioner also contends that 15 NYCRR 136.5 (b) (1) conflicts with the 10-year look-back period contained in Vehicle and Traffic Law § 1193 (2) (b) and the permanent license revocation scheme contained in Vehicle and Traffic Law § 1193 (2) (b) (12). Again, we must disagree. While the regulation employs a lifetime look-back period, the variance between the statute and the regulatory provision presents no conflict because the statute merely uses the 10-year look-back period to set the "minimum" revocation period during which the Commissioner cannot grant a relicensing application (Vehicle and Traffic Law § 1193 [2] [b]; *see Matter of Acevedo v New York State Dept. of Motor Vehs.*, 132 AD3d at 121; *Matter of Shearer v Fiala*, 124 AD3d at 1292). As we have said, once that minimum period has expired, the Commissioner is then vested with discretion to determine whether relicensing is appropriate. Accordingly, the Commissioner's denial of an application for relicensing pursuant to 15 NYCRR 136.5 (b) (1) does not conflict with the Vehicle and Traffic Law's permanent revocation provisions.

Petitioner also contends that the regulation is unreasonable, arbitrary and capricious. In our view, however, respondents

could rely upon empirical data to rationally conclude that any driver with five or more alcohol- or drug-related driving offenses poses an unreasonably high risk to the safety of other drivers and therefore should be subject to a presumptively permanent licensing ban. Next, even if petitioner's challenge to the definition of "alcohol- or drug-related driving conviction or incident" had been properly preserved, which it was not, we would agree with respondents that they had a rational basis for excluding aggravated unlicensed operation of a motor vehicle in the first degree and youthful offender adjudications of driving while intoxicated from the definition (*see Matter of Acevedo v New York State Dept. of Motor Vehs.*, 132 AD3d at 122).

Finally, we reject petitioner's contention that the regulation impermissibly applies retroactively and, therefore, violates the Ex Post Facto Clause of the US Constitution, as well as his argument that the imposition of a presumptive lifetime license ban is disproportionate to his history of six alcohol-related driving convictions over the course of his lifetime driving record. To the extent that petitioner has standing and has properly raised his remaining contentions, we have reviewed them and found them to be without merit.

Lahtinen, J.P., and Devine, J., concur.

Lynch, J. (dissenting). We respectfully dissent, essentially for the same reasons articulated in the dissent in *Matter of Acevedo v New York State Dept. of Motor Vehs.* (132 AD3d 112, 122-126 [2015]).[1] The circumstances here are even more compelling. Under the challenged regulation, a lifetime license revocation applies to a person with five or more alcohol-related driving convictions or incidents during his or her lifetime (*see* 15 NYCRR 136.5 [a] [1]; [b] [1]). Petitioner has six such convictions spanning a period from 1984 to 2010. In contrast to the permanent revocation imposed by respondent Commissioner of Motor Vehicles, petitioner's license was statutorily revoked for only six months, since his previous conviction was more than 10 years before his current conviction (*see* Vehicle and Traffic Law § 1193 [2] [b] [2], [3]). Moreover, petitioner's conviction did not trigger any of the statutory permanent revocation provisions set forth in Vehicle and Traffic Law § 1193 (2) (b) (12). Where a driver has three alcohol-related convictions or incidents within a four-year period, or four within an eight-year period, a permanent revocation is statutorily imposed (*see*

---

**1.** In *Matter of Acevedo*, the Court did not address the regulation at issue here, 15 NYCRR 136.5 (b) (1), which provides for a lifetime license revocation.

Vehicle and Traffic Law § 1193 [2] [b] [12] [a]). Provided the driver meets certain conditions, however, the Commissioner shall waive the permanent revocation after five years (*see* Vehicle and Traffic Law § 1193 [2] [b] [12] [b]), and may even grant a restrictive license after three years (*see* Vehicle and Traffic Law § 1193 [2] [b] [12] [c]), while retaining the authority, on a case-by-case basis, to refuse to restore a license (*see* Vehicle and Traffic Law § 1193 [2] [b] [12] [b] [ii]). In addition, where a driver has various combinations of four or five alcohol-related infractions during a four-year or eight-year look-back period, a permanent revocation will result, but that revocation may be waived by the Commissioner after eight years (*see* Vehicle and Traffic Law § 1193 [2] [b] [12] [d], [e]). Finally, the Commissioner is only prohibited from reissuing a license where a driver has two alcohol-related convictions involving a physical injury (*see* Vehicle and Traffic Law § 1193 [2] [c] [3]).

Notwithstanding the Commissioner's extremely broad authority in regulating the reissuance of licenses, it is our view that the regulatory imposition of a permanent lifetime ban against a driver with five or more alcohol-related convictions or incidents during his or her lifetime exceeds the Commissioner's administrative authority. As indicated, even when a driver has five alcohol-related convictions within an eight-year period, the Commissioner may waive the resulting permanent revocation after eight years (*see* Vehicle and Traffic Law § 1193 [2] [b] [12] [d] [iv]; [e]). In contrast to this statutory authority, the regulation creates a "general policy" mandating a permanent revocation for that very same driver and beyond for drivers, such as petitioner, whose infractions span a lifetime (15 NYCRR 136.5 [d]). While the Commissioner may deviate from this "general policy" for "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [d]), such waiver language does not resolve the problem because, by definition, a permanent revocation is the standard and not, of itself, a hardship. In effect, the Commissioner has abdicated her statutory mandate to exercise discretion in the first instance in favor of a general rule mandating a permanent revocation, waivable only under limited and difficult-to-define circumstances.[2] This is not merely filling in an interstitial gap in the statutory structure, but a comprehensive policy determination that crosses the

---

2. Particularly troubling here is that the Commissioner effectively ignored that aspect of petitioner's administrative appeal seeking a waiver, by reasoning that the permanent revocation was mandated and not an "abuse of discretion," without any express analysis as to whether petitioner had shown "unusual extenuating or compelling circumstances."

"difficult-to-define line between administrative rule-making and legislative policy-making" (*Boreali v Axelrod*, 71 NY2d 1, 11 [1987]). As such, we would grant the petition to the extent that 15 NYCRR 136.5 (b) (1) should be declared null and void, and remit the matter to the Commissioner for further consideration of petitioner's relicensure application.

Garry, J., concurs. Ordered that the judgment is modified, on the law, without costs, by partially converting the matter to a declaratory judgment action; it is declared that petitioner has not shown 15 NYCRR 136.5 (b) (1) to be invalid; and, as so modified, affirmed. **[Prior Case History: 43 Misc 3d 674.]**

