Rose, J.
Appeals from three judgments of the Supreme Court (Ceresia Jr., J.), entered May 30, 2014 in Albany County, which dismissed petitioners’ applications, in three combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment, to, among other things, review three determinations of respondent Department of Motor Vehicles denying petitioners’ applications for driver’s licenses.
Each of the petitioners herein have been convicted of multiple alcohol-related driving offenses. Specifically, petitioner Raymond E. Joy was convicted of eight such offenses and petitioners Alex M. Gillman and Phyllis J. Allen were each convicted of three offenses. As a result of their latest convictions, petitioners’ driver’s licenses were revoked for a “minimum” period of one year (Vehicle and Traffic Law § 1193 [2] [b] [3]). Subsequently, petitioners submitted applications for relicensing to respondent Department of Motor Vehicles *1168 (hereinafter DMV). DMV held the applications in abeyance pending the adoption of emergency regulations concerning the review of relicensing applications filed by persons with multiple alcohol- or drug-related driving offenses.
The regulations were adopted in the fall of 2012 and, as applicable to Joy, provide that “[u]pon receipt of a person’s application for relicensing, [respondent] Commissioner [of Motor Vehicles] shall conduct a lifetime review of such person’s driving record” and, if such review reveals that “the person has five or more alcohol- or drug-related driving convictions or incidents in any combination within his or her lifetime, then the Commissioner shall deny the application” (15 NYCRR 136.5 [b] [1]). As applicable to Gillman and Allen, the regulations require that the Commissioner, for a period of at least five years plus the revocation period imposed by the Vehicle and Traffic Law, deny the application of any person with three or four alcohol-related convictions, but no serious driving offense,* within a 25-year look-back period (see 15 NYCRR 136.5 [b] [3]). Once the waiting period expires, the Commissioner may grant a relicensing application and, if granted, shall issue a restricted license “for a period of five years and shall require the installation of an ignition interlock device in any motor vehicle owned or operated by such person for such five-year period” (15 NYCRR 136.5 [b] [3] [ii]).
Applying the newly-enacted regulations, DMV denied petitioners’ respective applications, and the denials were affirmed upon administrative appeal. Petitioners then commenced these three combined CPLR article 78 proceedings and declaratory judgment actions against DMV and its Commissioner seeking, among other things, orders granting their applications for relicensing and declaring that the regulations are unconstitutional because respondents acted without, or in excess of, their rule-making authority. Supreme Court dismissed the petitions, and petitioners appealed.
Initially, we agree with Supreme Court that certain claims in each of the three petitions should be dismissed as nonjusticiable. Specifically, Gillman’s and Allen’s challenges to the validity of the portions of 15 NYCRR 136.5 that impose presumptively permanent bans on relicensing (see 15 NYCRR 136.5 [b] [1], [2]) must be dismissed, as their own applications for *1169 relicensing were not denied under those provisions. As for the challenges by all three petitioners to the specific portion of the regulations that require the issuance of a restricted license and the installation of an ignition interlock device if their applications for relicensing are eventually granted (see 15 NYCRR 136.5 [b] [3] [ii]), we note that Joy’s application was not denied under this provision, and Gilhnan’s and Allen’s waiting periods for relicensing have not yet expired. Because the Commissioner, in her discretion, has not yet granted their applications, these restrictions have not yet been imposed upon them and “the harm sought to be enjoined is contingent upon events which may not come to pass . . . [Accordingly,] the claim [s] . . . [are] nonjusticiable as . . . speculative and abstract” (Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 240 [1984]; accord Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d 112, 117 [2015]).
Turning to the portions of Gillman’s and Allen’s petitions that do present justiciable controversies, our recent decision in Matter of Acevedo v New York State Dept. of Motor Vehs. (supra) is dispositive (see also Matter of Shearer v Fiala, 124 AD3d 1291, 1292 [2015], lv denied 25 NY3d 909 [2015]). As for Joy’s contentions, they are based upon a subsection of the regulation that, with some exceptions not relevant here, imposes a presumptively permanent licensing ban upon those who have been convicted of five or more alcohol-related driving offenses (see 15 NYCRR 136.5 [b] [1]; [d]). As we hold in Matter of Carney v New York State Dept. of Motor Vehs. (133 AD3d 1150 [2015] [decided herewith]), the legal principles and analysis that formed the basis of our decision in Matter of Acevedo are fully applicable to, and confirm the validity of, 15 NYCRR 136.5 (b) (1). Thus, we find that Supreme Court properly dismissed the petitions.
Devine, J., concurs.

 A “[s]erious driving offense” is defined as “(i) a fatal accident; (ii) a driving-related Penal Law conviction; (iii) conviction of two or more violations for which five or more points are assessed on a violator’s driving record pursuant to [15 NYCRR 131.3]; or (iv) 20 or more points from any violations” (15 NYCRR 136.5 [a] [2]).