Lynch, J.
(dissenting). I respectfully dissent, essentially for the same reasons articulated in the dissents in Matter of Acevedo v New York State Dept. of Motor Vehs. (132 AD3d 112, 122-126 [2015]) and Matter of Carney v New York State Dept. of Motor Vehs. (133 AD3d 1150, 1154 [2015]).[1] Under the challenged regulation, a lifetime license revocation applies to a person with three or four alcohol-related driving convictions or incidents and one or more serious driving offenses within a 25-year look-back period (see 15 NYCRR 136.5 [a] [1], [2]; [b] [2]).
The additional focus here is on the “serious driving offense” component, which is defined as “(i) a fatal accident; (ii) a driving-related Penal Law conviction; (iii) conviction of two or more violations for which five or more points are assessed on a violator’s driving record pursuant to [15 NYCRR 131.3]; or (iv) 20 or more points from any violations” (15 NYCRR 136.5 [a] ). In 2010, petitioner was convicted of driving while intoxicated, her third alcohol-related driving offense within a 10-year period. As a result, her driver’s license was revoked for one year (see Vehicle and Traffic Law § 1193 [2] [b] [3]). Pertinent to the “serious driving offense” category, she also was assessed six points for driving 72 miles per hour in a 50 mile-per-hour zone in April 2004 and received another six-point infraction in May 2004 for driving 59 miles per hour in a 35 mile-per-hour zone.
As the majority recognizes, the governing regulation, 15 NYCRR part 136, has a twofold purpose of rehabilitating a “problem driver” and, when necessary, taking appropriate disciplinary action to protect that driver “and the public alike” (15 NYCRR 136.1 [a], [b]). Without question, respondent Commissioner of Motor Vehicles may reasonably consider a traffic infraction as a “safety factor” in gauging whether an applicant is entitled to relicensure (15 NYCRR 136.1 [b] [5]; 136.4 [a] [3] ). The issue here, however, is one of degree. Without the two speeding tickets, petitioner’s three alcohol-related convictions would be assessed under 15 NYCRR 136.5 (b) (3), effecting a five-year stay of a relicensure application (see Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d at 115). With the speeding tickets, her case was elevated to the permanent revocation category defined in 15 NYCRR 136.5 (b) (2). This dramatic consequence illustrates the arbitrariness of the subject rule. In my view, the various categories that make up a *1288 “serious driving offense” are far too broad. While one can readily comprehend including a “fatal accident” within the definition, it is extraordinary and irrational to equate two five-point violations with a fatal accident for purposes of imposing a mandatory and permanent license revocation[2] (cf. Matter of Shearer v Fiala, 124 AD3d 1291, 1291 [2015], lv denied 25 NY3d 909 [2015]; Matter of Scism v Fiala, 122 AD3d 1197, 1199 [2014]). As such, I would grant the petition to the extent of declaring 15 NYCRR 136.5 (b) (2) to be null and void, as beyond the Commissioner’s administrative authority and as arbitrary and capricious, and remit the matter to the Commissioner for further consideration of petitioner’s relicensure application.
Ordered that the order and judgment is affirmed, without costs.

. In Matter of Acevedo and Matter of Carney, the Court did not address the regulation at issue here, 15 NYCRR 136.5 (b) (2).

. As petitioner points out, effective June 1, 2013, cell phone and texting violations, designated as traffic infractions, are punishable by a fine between $50 and $200 and are assigned a five-point value (see Vehicle and Traffic Law §§ 1225-c [4]; 1225-d [4]; 15 NYCRR 131.3 [b] [4] [iii]).