In the Matter of HUGO ARGUDO, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [51 NYS3d 589]——

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated June 25, 2013, which affirmed the denial of the petitioner/plaintiff's application for a driver license, and action for a judgment declaring that amendments to 15 NYCRR part 136 effective September 25, 2012, conflict with the Vehicle and Traffic Law and other laws and are unconstitutional, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered July 17, 2014, which denied the petition and dismissed the proceeding/action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the action, and adding thereto a provision declaring that amendments to 15 NYCRR part 136 effective September 25, 2012, do not conflict with the Vehicle and Traffic Law or other laws and are constitutional; as so modified, the judgment is affirmed, with costs to the respondents.

The petitioner/plaintiff (hereinafter the petitioner) accumulated 27 points on his driving record and was convicted of three alcohol-related driving offenses before his driver license was revoked for the third time in 2011. In September 2012, the New York State Department of Motor Vehicles (hereinafter the DMV) adopted emergency regulations to address the relicensing of recidivist drunk drivers. Effective September 25, 2012, those regulations amended 15 NYCRR part 136 to provide, among other things, that the Commissioner of Motor Vehicles (hereinafter the Commissioner) shall conduct a lifetime review of an individual's driving record when applying for relicensing, and if such individual has three or four alcohol- or drug-related driving convictions or incidents within a 25-year look-back period, as well as one or more serious driving offenses within the same 25 years, the Commissioner shall deny the application (see 15 NYCRR 136.5 [b] [2]). A serious driving offense was defined, inter alia, as a conviction of two or more violations for which 5 or more points are assessed on a violator's driving record or 20 or more points from any violations (see 15 NYCRR 136.5 [a] [2] [iii], [iv]). An exemption from the regulations can be obtained if an individual presents "unusual, extenuating,

and compelling" circumstances that may form the basis to deviate from the general policy (see 15 NYCRR 136.5 [d]).

In October 2012, the petitioner filed an application for a new driver license with the DMV. In March 2013, the DMV's Driver Improvement Bureau denied the petitioner's application, citing the new regulation, 15 NYCRR 136.5 (b) (2). After the denial was affirmed by the DMV Appeals Board, the petitioner commenced this hybrid CPLR article 78 proceeding and declaratory judgment action. The Supreme Court denied the petition and dismissed the proceeding/action.

Contrary to the petitioner's contention, the DMV did not usurp the Legislature's authority by enacting the new regulations. To determine whether an administrative agency has usurped the power of the Legislature, courts must consider whether the agency: (1) "operat[ed] outside of its proper sphere of authority" by balancing competing social concerns in reliance "solely on [its] own ideas of sound public policy"; (2) engaged in typical, "interstitial" rulemaking or "wrote on a clean slate, creating its own comprehensive set of rules without benefit of legislative guidance"; (3) "acted in an area in which the Legislature had repeatedly tried—and failed—to reach agreement in the face of substantial public debate and vigorous lobbying by a variety of interested factions"; and (4) applied its "special expertise or technical competence" to develop the challenged regulations (Boreali v Axelrod, 71 NY2d 1, 12-14 [1987] [internal quotation marks omitted]; see Matter of NYC C.L.A.S.H., Inc. v New York State Off. of Parks, Recreation & Historic Preserv., 125 AD3d 105, 108 [2014], affd 27 NY3d 174 [2016]). In enacting the challenged regulations, the DMV did not act on its own ideas of public policy, but rather implemented the Legislature's policies of promoting highway safety and reducing instances of impaired and intoxicated driving (see Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d 112, 119 [2015]).

The petitioner's further contention that the new regulations violate the doctrine of separation of powers is without merit. The Legislature has vested the Commissioner with broad authority to promulgate regulations to "regulate and control the exercise of" the DMV's powers (Vehicle and Traffic Law § 215 [a]). Among those powers is the Commissioner's authority to approve or deny relicensing applications (see Vehicle and Traffic Law § 510 [5]), including those submitted by individuals whose licenses were revoked for alcohol- or drug-related driving offenses (see Vehicle and Traffic Law § 1193 [2] [c] [1]). Indeed, the Vehicle and Traffic Law provides that "[a] license

. . . may be restored by direction of the [C]ommissioner but not otherwise" (Vehicle and Traffic Law § 510 [5]), and that, "[w]here revocation [of a license] is mandatory," a new license shall not be issued for the statutorily-designated period of time, "except in the discretion of the [C]ommissioner" (Vehicle and Traffic Law § 510 [6] [a]). Further, while the Vehicle and Traffic Law establishes minimum periods of revocation for alcohol- or drug-related driving offenses, it also provides that revoked licenses may only be restored "in the discretion of the [C]ommissioner" (Vehicle and Traffic Law § 1193 [2] [c] [1]), and "that the [C]ommissioner may, on a case[-]by[-]case basis, refuse to restore a license which otherwise would be restored [under the statute], in the interest of the public safety and welfare" (Vehicle and Traffic Law § 1193 [2] [b] [12]). Together, these statutory provisions lead to the inexorable conclusion that the Legislature intended to grant the DMV regulatory authority over the relicensing of persons with multiple alcohol- and/or drug-related driving offenses (see Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d 112 [2015]; Matter of Shearer v Fiala, 124 AD3d 1291 [2015]).

In addition, contrary to the petitioner's contention, "because the regulations were enacted for nonpunitive purposes, and were not so punitive in effect as to negate that nonpunitive intent," the denial of the petitioner's application pursuant to the amended regulations did not constitute a violation of the Ex Post Facto Clause of the United States Constitution (Matter of McKevitt v Fiala, 129 AD3d 730, 731 [2015]).

Furthermore, despite the petitioner's contention, the DMV's denial of his application for a driver license was not arbitrary and capricious. The DMV's decision to deny the petitioner's application was amply supported by the evidence. The petitioner's driving record included three alcohol-related convictions, and four convictions for operating a motor vehicle without a license. In addition, 27 points have been assessed to the petitioner's driving record within the 25 years preceding the date of the revocable offense, which represents a serious driving offense. The petitioner's driving record also includes three speeding convictions for which 5 or more points were assessed. The new regulations rationally embody the Legislature's intent to grant the respondents/defendants regulatory authority over the relicensing of recidivist drunk drivers and, employing that authority, the Commissioner has created a uniform set of rules to promote road safety while allowing, through the exemption criteria, case-by-case consideration of each relicensing application. The petitioner has failed to establish that the DMV failed to follow

its own precedent or treated similarly situated individuals differently (*see generally Matter of Corona Realty Holdings, LLC v Town of N. Hempstead*, 32 AD3d 393 [2006]).

The petitioner's remaining contentions are without merit. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.