Matter of Gorecki v New York State Dept. of Motor Vehs. (2022 NY Slip Op 00308)





Matter of Gorecki v New York State Dept. of Motor Vehs.


2022 NY Slip Op 00308


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-02810 
2019-11152
 (Index No. 5063/18)

[*1]In the Matter of Carrie Gorecki, respondent,
v
New York State Department of Motor Vehicles, et al., appellants.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Matthew W. Grieco of counsel), for appellants.
Law Office of Stephen N. Preziosi, P.C., New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated May 29, 2018, which affirmed the denial of the petitioner's application for the restoration of her driving privileges, the New York State Department of Motor Vehicles and Theresa L. Egan, as New York State Executive Deputy Commissioner of Motor Vehicles, appeal from (1) a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), dated January 29, 2019, and (2) an order of the same court dated June 27, 2019. The judgment granted the petition, annulled the determination, and directed the New York State Department of Motor Vehicles and Theresa L. Egan to restore the petitioner's driving privileges. The order dated June 27, 2019, denied the motion of the New York State Department of Motor Vehicles and Theresa L. Egan for leave to renew and reargue their opposition to the petition.
ORDERED that the appeal from so much of the order as denied that branch of the appellants' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order as denied that branch of the appellants' motion which was for leave to renew is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment; and it is further,
ORDERED that the judgment is reversed, on the law and on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
In July 2015, the petitioner was arrested on suspicion of operating a motor vehicle while under the influence of alcohol or drugs (hereinafter DWI). Because the petitioner refused to submit to chemical testing, she was charged with, inter alia, DWI pursuant to Vehicle and Traffic Law § 1192(3) and, pursuant to Vehicle and Traffic Law § 1194(2)(b), her license was suspended pending a chemical test refusal hearing. After a hearing, an administrative law judge found probable [*2]cause and revoked the petitioner's license for one year.
The petitioner thereafter filed, inter alia, an application with the New York State Department of Motor Vehicles (hereinafter the DMV) for relicensure, which was denied by the DMV Driver Improvement Bureau on February 21, 2018. After the denial was affirmed by the DMV Appeals Board, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination. In a judgment dated January 29, 2019, the Supreme Court granted the petition, annulled the determination, and directed the respondents to restore the petitioner's driving privileges forthwith. The respondents moved, inter alia, for leave to renew. In an order dated June 27, 2019, the court denied the motion. These appeals ensued.
The applicable standard of review in this matter is whether the challenged determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 960; see CPLR 7803[3]; Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Naranjo v Commissioner of Dept. of Motor Vehs., State of N.Y., 116 AD3d 859, 861). "In applying the 'arbitrary and capricious' standard, a court inquires whether the determination under review had a rational basis" (Matter of Manning v New York State-Unified Ct. Sys., 153 AD3d 623, 624 [internal quotation marks omitted]; see Matter of Perry v Patricia A. Brennan, Qualified Personal Residence Trust, 153 AD3d 522, 524). A determination is rational where it has "some objective factual basis, as opposed to resting entirely on subjective considerations" (Matter of Enters., LLC v Wright, 81 AD3d 955, 956 [internal quotation marks omitted]).
Here, the record provided a rational basis for the DMV's determination that the arresting officer had probable cause to suspect the petitioner of DWI and to request a chemical test. Moreover, the statutory and regulatory framework concerning relicensure of recidivist drunk drivers vests the DMV, as the subject matter expert (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152), with wide latitude and discretion in matters of ensuring the safety of drivers on the public roadways (see 15 NYCRR 136.5[b][1]; [d]; Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 213-214). The Supreme Court thus erred in failing to accord deference to the DMV's determination to deny the petitioner's application for relicensure and directing the respondents to restore the petitioner's driving privileges (see Matter of Capece v Schultz, 117 AD3d 1045, 1047).
In light of the foregoing, we need not reach the appellants' remaining contentions.
IANNACCI, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court