Matter of Dobson v New York State Dept. of Motor Vehicles (2023 NY Slip Op 03863)

Matter of Dobson v New York State Dept. of Motor Vehicles

2023 NY Slip Op 03863

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-08725
 (Index No. 69598/19)

[*1]In the Matter of Henry M. Dobson, appellant,
v
New York State Department of Motor Vehicles, et al., respondents.

Barkett Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea and Danielle Muscatello of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith Vale and Blair J. Greenwald of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated July 30, 2019, denying an application for relicensure, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated May 8, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In December 2010, the petitioner was arrested and charged with two counts of vehicular manslaughter in the second degree under Penal Law § 125.12(1), and two counts of operating a motor vehicle while under the influence of alcohol or drugs pursuant to Vehicle and Traffic Law § 1192(2) and (3) in connection with his involvement in a fatal car accident. In October 2011, while the petitioner's criminal charges were pending, the Safety Hearing Bureau of the New York State Department of Motor Vehicles (hereinafter DMV) conducted a hearing pursuant to Vehicle and Traffic Law § 510. After the hearing, an administrative law judge determined that the petitioner violated Vehicle and Traffic Law §§ 1129(a) and 1180(a) and revoked the petitioner's license for one year, effective December 23, 2011. The petitioner appealed this determination to the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Administrative Appeals Board), which, in an order dated August 28, 2012, affirmed the
determination.
In September 2012, the petitioner entered a plea of guilty to two counts of vehicular manslaughter in the second degree under Penal Law § 125.12(1), and two counts of operating a motor vehicle while under the influence of alcohol or drugs pursuant to Vehicle and Traffic Law § 1192(2) and (3). He was sentenced, inter alia, to five years probation, during which time he was not permitted to drive.
In October 2017, shortly after the petitioner's probation expired, the petitioner filed an application with the DMV for relicensure, which was denied by the DMV Driver Improvement Bureau on May 17, 2019. After the denial was affirmed by the Administrative Appeals Board, the [*2]petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination. In a judgment dated May 8, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
The applicable standard of review in this matter is whether the challenged determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis (see Matter of Manning v New York State—Unified Ct. Sys., 153 AD3d 623, 624; see also Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275).
"The scope of authority delegated to the [DMV] Commissioner, particularly with regard to licensing, is broad" (Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 221). 15 NYCRR 136.4(c) provides that "[a]n application for a driver's license may be denied if the applicant has been convicted of a violation of section 125.10, 125.12, 125.13, 125.14, 125.15, 125.20, 125.22, 125.25, 125.26 or 125.27 of the Penal Law arising out of the operation of a motor vehicle, or if the applicant has been convicted of a violation of section 1192 of the Vehicle and Traffic Law where death or serious physical injury, as defined in section 10.00 of the Penal Law, has resulted from such offense." Here, since the petitioner was convicted of vehicular manslaughter under Penal Law § 125.12 and operating a motor vehicle while under the influence of alcohol or drugs under Vehicle and Traffic Law § 1192 in an incident resulting in death, the record contains a rational basis for the DMV's determination to deny the petitioner's application for relicensure (see Matter of Argudo v New York State Dept. of Motor Vehs., 149 AD3d 830, 832; cf. Matter of Gorecki v New York State Dept. of Motor Vehs., 201 AD3d 802, 803).
The petitioner's remaining contentions are without merit.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court