Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs. (2024 NY Slip Op 00072)

Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs.

2024 NY Slip Op 00072

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-00654
 (Index No. 611294/21)

[*1]In the Matter of Mark B. Gibson, appellant, 
v
Commissioner of the New York State Department of Motor Vehicles, et al., respondents.

Heilig Branigan LLP, Holbrook, NY (Michael J. Miller of counsel), for appellant.
Letitia James, Attorney, General, New York, NY (Judith N. Vale and Sarah Coco of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated February 23, 2021, which affirmed the denial of the petitioner's application for relicensure, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 10, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In November 2013, the petitioner refused to submit to a chemical test, resulting in the revocation of his driver license. Thereafter, the petitioner filed an application with the New York State Department of Motor Vehicles (hereinafter the DMV) for relicensure, which was denied by the DMV Driver Improvement Bureau on December 8, 2020. After the denial was affirmed by the DMV Administrative Appeals Board, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. In a judgment dated January 10, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"The applicable standard of review in this matter is whether the challenged determination 'was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Gorecki v New York State Dept. of Motor Vehs., 201 AD3d 802, 803, quoting Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 960; see CPLR 7803[3]). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [internal quotation marks omitted]; see Matter of Manning v New York State-Unified Ct. Sys., 153 AD3d 623, 624). "Under this standard, a determination should not be disturbed unless the record shows that the agency's action was 'arbitrary, unreasonable, irrational or indicative of bad faith'" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770, quoting Matter of Cowan v Kern, 41 NY2d 591, 599; see Matter of Manning v New York State-Unified Ct. Sys., 153 AD3d at 624). "A determination is rational where it has 'some objective factual basis, as opposed to resting entirely on subjective considerations'" (Matter of Gorecki v New York State Dept. of Motor Vehs., 201 AD3d at 803, quoting Matter of JSB Enters., LLC v Wright, 81 AD3d 955, 956).
Here, the DMV's determination to deny the petitioner's application for relicensure was rational and not arbitrary and capricious (see Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 229; Matter of Argudo v New York State Dept. of Motor Vehs., 149 AD3d 830, 832). The petitioner's driving record supported the denial of his application. The petitioner had three alcohol-related driving offenses and a serious driving offense within the 25-year look back period (see 15 NYCRR 136.5[b][2]). Furthermore, the petitioner failed to demonstrate an exemption from the regulations since he failed to present any "unusual, extenuating[,] and compelling circumstances" that may form the basis to deviate from the general policy (id. § 136.5[d]; see Matter of Argudo v New York State Dept. of Motor Vehs., 149 AD3d at 830-831). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
The petitioner's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court