Matter of Troiano v Schroeder (2024 NY Slip Op 05804)

Matter of Troiano v Schroeder

2024 NY Slip Op 05804

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2023-05009
 (Index No. 609259/22)

[*1]In the Matter of Michael S. Troiano, respondent,
v
Mark J. F. Schroeder, etc., et al., appellants.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Elizabeth A. Brody of counsel), for appellants.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated February 1, 2022, which affirmed the denial of the petitioner's application for relicensure, Mark J. F. Schroeder and the New York State Department of Motor Vehicles appeal from a judgment of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated March 16, 2023. The judgment, in effect, vacated the determination of the New York State Department of Motor Vehicles Administrative Appeals Board and remanded the matter for a hearing and reconsideration.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In July 2019, the petitioner was involved in a car accident in which a passenger in the other vehicle died. A hearing regarding the fatal accident was scheduled in April 2021. After the hearing, at which the petitioner did not appear, in a determination dated May 4, 2021, an administrative law judge found the petitioner in violation of New York Vehicle and Traffic Law §§ 510(3)(e) and 605 and revoked the petitioner's driver license for a period of at least 30 days, effective May 28, 2021. The petitioner did not appeal that determination.
The petitioner thereafter filed an application with the New York State Department of Motor Vehicles (hereinafter the DMV) for relicensure, which was denied by the DMV Driver Improvement Bureau on November 19, 2021. In a determination dated February 1, 2022, the DMV Administrative Appeals Board affirmed the denial. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination of the DMV Driver Improvement Bureau. In a judgment dated March 16, 2023, the Supreme Court, in effect, vacated the determination and remanded the matter for a hearing and reconsideration. This appeal ensued.
The applicable standard of review "is whether the challenged determination 'was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Gorecki v New York State Dept. of Motor Vehs., 201 AD3d 802, 803, quoting Matter of Gerber v New York State Dept. of Motor Vehs., 129 AD3d 959, 960). "'In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis'" (Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 667-668, quoting Matter of Halperin v City of New Rochelle, 24 AD3d [*2]768, 770). "A determination is rational where it has 'some objective factual basis, as opposed to resting entirely on subjective considerations'" (Matter of Gorecki v New York State Dept. of Motor Vehs., 201 AD3d at 803, quoting Matter of JSB Enters., LLC v Wright, 81 AD3d 955, 956).
Here, the record provided a rational basis for the determination to deny the petitioner's application for relicensure after his license was revoked pursuant to a determination by an administrative law judge following a hearing to investigate a fatal accident (see 15 NYCRR 136.4[d][1][i]). Moreover, "'[t]he scope of authority delegated to the [DMV] Commissioner, particularly with regard to licensing . . . is broad'" (Matter of Dobson v New York State Dept. of Motor Vehs., 218 AD3d 680, 681-682, quoting Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 221). The Supreme Court thus erred in failing to accord deference to the determination to deny the petitioner's application for relicensure and, in effect, vacating the determination of the DMV Administrative Appeals Board and remanding the matter for a hearing and reconsideration (see Gorecki v New York State Dept. of Motor Vehs., 201 AD3d at 803).
The appellants' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court